UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA EGUIA, *et al.*,<br><br>                Plaintiffs,<br>v.<br>ARC IMPERIAL VALLEY, *et al.*,<br><br>                Defendants. | Case No. 13-cv-501-L(PCL)<br><br>**ORDER GRANTING PLAINTIFFS'**<br>**MOTION TO REMAND [DOC. 10]** |

      On March 4, 2013, Defendants ARC Imperial Valley, Arturo Santos, Martha Carillo, Hector Gutierrez, and Carmen Agundez removed this action from the Imperial County Superior Court. The Notice of Removal is based on federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a). (Removal Notice ¶ 8.) Plaintiffs Ofelia Eguia and Rosalinda Magallanes now move to remand. Defendants oppose.

      The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 16.) For the following reasons, the Court **GRANTS** Plaintiff's motion. (Doc. 10.)

//

## I. PROCEDURAL HISTORY[1]

On January 31, 2012, Plaintiffs filed their First Amended Complaint ("FAC") in the Imperial County Superior Court, asserting only state-law causes of action including wrongful termination, harassment, discrimination, and infliction of emotional distress. (Removal Notice ¶ 1.) Plaintiffs based these causes of action on public-policy grounds, violations of the California Government Code §§ 12940(h) and 12653, and violations of California Labor Code § 1102(f). (Removal Notice Ex. 1 at 37–65.) On March 1, 2012, Defendants filed an answer to the FAC, and on March 9, 2012, filed an amended answer asserting an affirmative defense under the federal-enclave doctrine. (Removal Notice Ex. 1 at 88, para. 15.)

On May 9, 2012, Defendants filed their first Notice of Removal, premised on the applicability of the federal-enclave doctrine. This Court denied the motion without prejudice because Defendants' documents did not qualify under 28 U.S.C. § 1446(b) as "other papers" because the documents originated from their own records. *See Eguia v. ARC Imperial Valley*, 12-CV-1132-L(PCL), 2012 WL 6061323, at *3-4 (S.D. Cal. Dec. 6, 2012).

The subsequent Notice of Removal, filed on March 4, 2013, is once again premised on the applicability of the federal-enclave doctrine. (Doc. 1.) Defendants offer documents that they contend establish that the actions Plaintiffs allege occurred at the West Port of Entry, a federal enclave. Defendants also allege that certain documents constitute "a copy of an amended pleading, motion, order or other paper" from which it can be first determined that the case is removable. (Removal Notice ¶ 11.)

On April 5, 2013, Plaintiffs filed a motion to remand this action to the Imperial County Superior Court. (Doc. 10.) Plaintiffs also request attorney's fees and costs. Defendants oppose.

## II. LEGAL STANDARD

The Court addresses the issue of subject matter jurisdiction first as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the

---

[1] Francisco Javier Martinez is a named defendant but is not involved in this motion to remand.

judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-94 (1998) (quoting *Mansfield, C & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.

"The propriety of removal . . . depends on whether the case originally could have been filed in federal court." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The court's removal jurisdiction must be analyzed on the basis of the pleadings at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Generally speaking, a party may bring a case within the jurisdiction of the federal courts by demonstrating the existence of either: (1) diversity of citizenship, under 28 U.S.C. § 1332; or (2) a federal question, under 28 U.S.C. § 1331. Defendants removed this action based on federal question jurisdiction under 28 U.S.C. § 1331. Pursuant to the statute, federal courts have subject matter jurisdiction of "all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through the subjective knowledge or a duty to make further inquiry. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Section 1446(b)'s first thirty-day requirement, thus, is triggered by the defendant's receipt of an "initial pleading" that reveals a basis for removal. *Id*. If no ground for removal is evident in the initial pleadings, the case is "not removable" at that stage. *Id*. In this circumstance, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper from which it can be ascertained from the face of the document that removal is proper." *Id*.

In cases where the action may be removable despite defendant never having "received" any pleading or "other paper" demonstrating removability, § 1446(b)'s "other paper" language is read so as to not include a defendant's own records. *B.C. v. Blue Cross of Cal.*, No. CV 11-08961, 2012 WL 12782, at *5 (C.D. Cal. Jan. 3, 2012) ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). The rationale behind this reading is that when the evidence suggests that a defendant is or should be on notice of an action's removability despite it not being "plain" on the face of the complaint, defendants are effectively granted permanent removal power. *Kohan Prods. Ltd. v. Comerica Bank*, No. CV 10-0034, 2010 WL 956402, at *4 (C.D. Cal. Mar. 11, 2010). As such, a removal filed before a plaintiff has served a paper on the defendant demonstrating removability is premature. *B.C.*, 2012 WL 12782, at *7.

### III. DISCUSSION

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." Because the parties agree that the FAC, served on January 31, 2012, does not disclose the grounds for removal (Pls.' Mot 2; Defs.' Opp'n 3), the Court must analyze the language in any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" to determine whether removal is proper. 28 U.S.C. § 1446(b).

Plaintiffs base their motion on the untimeliness of Defendants' removal. They contend that Defendants filed their removal at least 69 days late because they possessed documentation of federal-question jurisdiction on December 27, 2012. Defendants respond that there are no defects in the removal and that their removal is based on the California Department of Fair Employment and Housing ("DFEC") Charge (Defs.' RJN Ex. 4 at 141), initially provided to Defendants' counsel prior to their first removal.

Defendants contend that the DFEC Charge establishes that the alleged sexual harassment occurred at the West Port, thereby invoking federal-question jurisdiction through the federal-enclave doctrine. (Defs.' Opp'n 4.) Defendants provide the DFEC Charge in order to establish jurisdiction, and do not dispute that they received this document at the very latest on December 27, 2012, 69 days prior to their removal. (*Id*.) Further, Defendants were in possession of the Charge a full ten months prior to Plaintiffs filing the lawsuit, and should have been on notice that there was federal jurisdiction at that time. The Court accepts Defendants' contention that the document demonstrates federal jurisdiction, establishing December 27, 2012 as the latest possible date Defendants could have received the Charge. Consequently, Defendants filed their notice of removal 69 days after Plaintiffs demonstrated removability, which is 39 days later than the 30-day period permitted for removal under 28 U.S.C. § 1446(b).[2]

---

[2] Defendants also argue that Plaintiffs were untimely in filing the motion to remand. Plaintiffs filed their motion on April 5, 2013, which is 32 days after Defendants filed their notice of removal. However, the filing of Plaintiffs' motion is dependent on Defendants properly

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court must remand the case to the state court because Defendants did not timely remove this action. *See* 28 U.S.C. § 1446(b)(3) ("[T]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Plaintiffs also seek attorney's fees and costs under 28 U.S.C. § 1447(c). Courts may require costs and actual expenses, including attorneys' fees, incurred as a result of removal when removal is objectively unreasonable. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). Here, Defendants' untimeliness does not rise to the level of objectively unreasonable. *See Martin*, 546 U.S. at 140-41.

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion to remand, and **DENIES** Plaintiffs' request for attorneys' fees and costs. The Clerk of the Court is directed to remand this action to the Imperial County Superior Court.

**IT IS SO ORDERED**.

DATED: August 22, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

removing to this court; as discussed above, Defendants' removal is defective. Therefore, Defendants' untimeliness argument is moot.